UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: KARL LINARD MALLOY, | Case No. 23-33442-KRH |
| Debtor. | Chapter 13 |

| | |
|---|---|
| KRISTIN E. SCHELIN, and MARK A. WATSON, | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 23-03043-KRH |
| KARL LINARD MALLOY, | |
| Defendant. | |

**CORRECTED MEMORANDUM OPINION AND ORDER
DENYING MOTION TO STAY ORDER PENDING APPEAL**

On November 20, 2023, Karl Linard Malloy (the "Defendant"), pro se, removed certain litigation (the "State Court Litigation") from the Powhatan County Circuit Court (the "State Court") to the United States Bankruptcy Court for the Eastern District of Virginia (the "Court"), thereby commencing the above-captioned adversary proceeding (this "Adversary Proceeding"). *See* Fed. R. Bankr. P. 9027. By its *Order Granting Motion for Expedited Hearing and Motion to Remand* [ECF No. 16] (the "Remand Order") dated December 19, 2023, and entered December 20, 2023,[1] this Court remanded the State Court Litigation to the Powhattan County Circuit Court (the "State Court"). This Court also modified the automatic stay provided by section 362 of Title

---

[1] The uncontested facts underlying the State Court Litigation and this Adversary Proceeding are recited in the Remand Order and are incorporated by reference herein.

11 of the United States Code (the "Bankruptcy Code") to permit Kristin E. Schelin and Mark A. Watson (the "Plaintiffs") to proceed in the State Court Litigation to a final judgment.[2]

On January 2, 2024, the Defendant, pro se, appealed the Remand Order to the United States District Court for the Eastern District of Virginia (the "District Court"), which appeal has been assigned Civil Action No. 3:24-cv-00002-MHL (the "Appeal").  Notice of Appeal & Statement of Election, ECF No. 18.  Specifically, Defendant contends that it was an abuse of discretion for this Court to have remanded the State Court Litigation to the State Court and a legal error for this Court to have modified the automatic stay.[3]

On January 3, 2024, Defendant filed a *Motion to Stay Order Pending Appeal* [ECF No. 20] (the "Motion for Stay") pursuant to Rule 8007(a)(1)(A) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), by which he requested that this Court stay the Remand Order until the District Court renders a decision in the Appeal.  By its January 3, 2024, *Order Setting Hearing* [ECF No. 23], the Court scheduled a hearing on the Motion for Stay, as well as scheduled a responsive pleading deadline.  In accordance with the Court's instructions, the Plaintiffs timely

---

[2] The Remand Order effectively permits the Plaintiffs to liquidate their claim(s) in the State Court Litigation.  If the Plaintiffs receive a judgment in their favor, the Remand Order requires the Plaintiffs to return to this Court to seek further relief from the automatic stay before execution of any such judgment.

[3] On November 8, 2023, the Plaintiffs filed a *Motion to Dismiss, or in the Alternative for Relief from Stay* [Case No. 23-33442, ECF No. 24] (the "Motion to Dismiss") in the Defendant's underlying bankruptcy case.  Having modified the automatic stay by the Remand Order, the Court continued the preliminary hearing on the Motion to Dismiss to February 21, 2024, as to the remaining requests for relief contained therein.

Section 362(e)(2) of the Bankruptcy Code provides that, generally, in an individual's bankruptcy case, the automatic stay terminates by operation of law sixty days after the filing of a motion for relief from stay. Concerned that the automatic stay may terminate on January 8, 2024, the Defendant filed a *Motion to Extend Automatic Stay* [Case No. 23-33442, ECF No. 78] (the "Extend Stay Motion").  The Extend Stay Motion is moot. The Court has already rendered a decision during the sixty-day period – the Remand Order – thereby satisfying section 362(e)(2)(A) of the Bankruptcy Code.  Alternatively, parties are deemed to consent to a waiver of section 362(e)(1) until entry of a Court order, thereby satisfying section 362(e)(2)(B)(i).  *See* Local Bankruptcy Rule 4001-1(j); Ex. 7 § A.

filed their *Opposition to Defendant's Motions to Stay Order Pending Appeal and For Extension of Automatic Stay* [ECF No. 26] (the "Opposition"). On January 10, 2024, the Court conducted a hearing (the "Hearing") on the Motion for Stay. The Plaintiffs, by counsel, and the Defendant, pro se, appeared at the Hearing.

In order to obtain "a stay of a judgment, order, or decree of the bankruptcy court pending appeal," ordinarily the party "must move first for such relief in the bankruptcy court." Fed. R. Bankr. P. 8007(a). In order to obtain a stay pending appeal, the United States Court of Appeals for the Fourth Circuit requires the movant to demonstrate:

> (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay.

*Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). While "[a]ll four requirements must be satisfied," *BDC Cap., Inc. v. Thoburn Ltd. P'ship*, 508 B.R. 633, 637 (E.D. Va. 2014), "[t]he first two factors of the traditional standard are the most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009). The standard for grant of a stay pending appeal is the same standard "as for a preliminary injunction," which "is an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief." *In re Alpha Nat'l Res., Inc.*, 556 B.R. 249, 263 (Bankr. E.D. Va. 2016) (quoting *BDC Cap., Inc.*, 508 B.R. at 636-37).

In the Motion for Stay, the Defendant alleged that he satisfied each element necessary to obtain a stay pending appeal. Motion for Stay, ¶¶ 10-13, ECF No. 20 at 3. Although the Motion for Stay did not support these conclusory statements with facts or references to support in the record, the Defendant provided additional detail during his oral argument at the Hearing. Having considered the Motion for Stay, the record in this Adversary Proceeding, the record in the State

Court Litigation, and the arguments advanced at the Hearing, the Court finds that the Defendant has failed to meet the legal standard for a stay pending appeal. For the reasons that follow, the Motion for Stay is denied.

First, the Defendant is highly unlikely to succeed on appeal. "[A] party does not meet its burden on this factor by simply restating previous arguments from earlier filings." *In re Wellington*, 631 B.R. 833, 839 (Bankr. M.D.N.C. 2021) (first citing *Palomo v. Howard*, Case No. 1:19-cv-884, 2019 U.S. Dist. LEXIS 232712, at *3, 2019 WL 9633647, at *1 (M.D.N.C. Dec. 17, 2019); then citing *Mayor of Balt. v. BP P.L.C.*, Civil Action No. ELH-18-2357, 2019 U.S. Dist. LEXIS 128168, at *15, 2019 WL 3464667, at *4 (D. Md. July 31, 2019)). Rather, the movant "must make a strong showing that it would succeed on the merits on appeal." *BDC Cap., Inc.*, 508 B.R. at 637; *see also In re Wellington*, 631 B.R. at 839 ("A party must instead show 'something more' than what it is has argued previously, i.e., 'that the issue to be appealed is an issue of first impression in the circuit, or that district courts have disagreed on the issue.'" (quoting *N.Y. Life Ins. Co. v. Singh*, Case No. No. 14-cv-5726 (NG) (SMG), 2017 U.S. Dist. LEXIS 230194, at *4, 2017 WL 10187669, at *2 (E.D.N.Y. July 13, 2017))).

The Court agrees with the Plaintiffs that the Defendant has not cited any new facts or law that would alter this Court's opinion or suggest that this Court came to an incorrect legal conclusion or abused its discretion, either through his pleadings or during oral argument at the Hearing. *See* Opp. at ¶ 15, ECF No. 26 at 4. Accordingly, the Defendant has failed to satisfy this first factor.[4]

---

[4] "[A] court determines a stay pending appeal through 'a balancing of the factors,' 'such that a stronger showing on some of these prongs can make up for a weaker showing on others.'" *In re Wellington*, 631 B.R. at 839 (first quoting *Long*, 432 F.2d at 981; then quoting *Ohio Valley Envtl. Coal., Inc. v. United States Army Corps of Eng'rs*, 890 F. Supp. 2d 688, 692 (S.D. W. Va. 2012); then citing *United States v. Springer*, Case No. 5:12-HC-2009-BO, 2012 U.S. Dist. LEXIS 135469, at *2, 2012 WL 4321393, at *1 (E.D.N.C. Sep. 20, 2012); and then citing *Hilton v. Braunskill*, 481 U.S. 770, 777-78 (1987)). However, a movant must satisfy each of the four factors to receive

Case 23-03043-KRH    Doc 31    Filed 01/12/24    Entered 01/12/24 13:34:51    Desc Main
                            Document      Page 5 of 7

*See In re Alpha Nat'l Res., Inc.*, 556 B.R. 249, 263-64 (denying motion where movant failed to undermine Court's factual findings and legal conclusions and collecting cases).

Second, the Defendant has failed to show that he will suffer irreparable harm if a stay is denied. At the Hearing, the only harm Defendant identified was the threat that action by the State Court pertaining to the State Court Litigation could effectively moot the Appeal. As the Fourth Circuit has stated, "mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough" to satisfy this element. *Long*, 432 F.2d at 980 (quoting *Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958) ("The key word in this consideration is irreparable.")). The threat of action in one court mooting that of another court is neither a concrete nor an irreparable harm in this case. "[S]imply showing some possibility of irreparable injury fails" to satisfy this requirement. *Nken*, 556 U.S. at 434-35 (2009) (citation omitted).

Third, the Defendant has failed to show that other parties will not be substantially harmed by the stay. Further delaying the prompt resolution of the State Court Litigation poses the risk of substantial injury to both the Plaintiffs and the Defendant. The Plaintiffs have filed an unliquidated, contingent claim against the Defendant's bankruptcy estate, which claim is dependent upon resolution of the State Court Litigation. Case No. 23-33442, Claim No. 2-1. The Plaintiffs' claim must be liquidated in order to evaluate whether the Defendant's proposed plan may be confirmed and for the Chapter 13 trustee to begin distributing payments under a confirmed plan, among other things. A stay would serve only to prevent the judicious and economic

---

a stay pending appeal. Given that the Defendant has failed to meet the first factor, the Motion for Stay must be denied.

administration of the Defendant's Chapter 13 bankruptcy case and to deny the Plaintiffs a resolution of their cause of action in the State Court.

Fourth and finally, consideration of the public interest weighs against granting a stay pending appeal. "The public interest favors a party paying his or her just debts, and the expeditious administration of bankruptcy estates." *In re Brown*, 354 B.R. 110, 113 (Bankr. N.D. W. Va. 2006) (rejecting argument that "the public is best served by ensuring that a legally appropriate and final decision is reached before parties are permitted to engage in transactions that cannot be undone, and/or costs are incurred that cannot be recouped" on the grounds that "[t]he appellate process is in place to ensure that a legally appropriate and final decision is reached."). As noted in connection with the third factor, a stay would delay the Defendant's ability to perform under a confirmable plan, as well as for the Chapter 13 trustee to effectively administer the Defendant's bankruptcy estate.

Furthermore, the principle that a federal court should decline jurisdiction where a cause of action is better determined in a state court is well settled. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided [ ] as a matter of comity."); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988) ("The *Gibbs* Court recognized that a federal court's determination of state-law claims could conflict with the principle of comity to the States."). As explained in the Remand Order, the State Law Litigation concerns purely state law claims more properly decided by the State Court. Remand Order at 6, ECF No. 16 at 6, 7 (determining that "[t]he dispute between the parties concerns specific performance for an alleged breach of a contract for the sale of real property – an issue purely governed by Virginia state law" and concluding that this Court does not have "non-core but related-to" jurisdiction). As

6

a state law matter based purely on state law causes of action, resolving the State Court Litigation in the State Court would further the interests of comity and thereby support the public interest.

In consideration whereof, it is

**ORDERED** that the Motion for Stay is **DENIED**.  For the avoidance of doubt, the Remand Order is effective unless and until the District Court issues an order staying the Remand Order pursuant to Bankruptcy Rule 8007(b).  Unless and until such order is entered, the Plaintiffs may proceed in the State Court to continue the State Court Litigation to a final judgment as provided in the Remand Order.

Dated:  1/12/2024

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: Jan 12 2024

**Copies to:**

**Karl Linard Malloy**
1600 Mill Quarter Road
Powhatan, VA 23139

**Carl M. Bates**
P. O. Box 1819
Richmond, VA 23218

**Christopher L. Perkins**
Eckert Seamans Cherin & Mellott, LLC
919 East Main Street, Suite 1300
Richmond, VA 23219